J-S34013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MONTMARC UNIT OWNERS PHASE I | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ROBERT H. WILL, | : | |
| Appellant | : | No. 1432 WDA 2018 |

Appeal from the Order Entered September 5, 2018
In the Court of Common Pleas of Erie County Civil Division at No(s):  No.
13423-16

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

JUDGMENT ORDER BY DUBOW, J.:                **FILED AUGUST 9, 2019**

Appellant, Robert H. Will, appeals *pro se* from the September 5, 2018

Order entered in the Erie County Court of Common Pleas granting Montmarc

Unit Owners Phase I's ("Appellee") Motion for Summary Judgment.   After

careful review, we quash this appeal.

The relevant facts and procedural history are as follows.   On February

21, 2017, Appellee, a condominium owners association, filed an Amended

Complaint against Appellant, a condominium owner, as a result of Appellant's

refusal to remove items from his property which violated Appellee's

_____

*   Retired Senior Judge assigned to the Superior Court.

Regulations.[1]   In the Amended Complaint, Appellee raised a claim for monetary damages and legal fees, as well as injunctive relief.[2]

On March 27, 2017, Appellant filed a counselled Answer and Counterclaim for damages and injunctive relief.[3]   Appellee filed an Answer to Appellant's Counterclaim on April 17, 2017.

At the close of discovery, on June 15, 2018, Appellee filed a Motion for Summary Judgment and/or Partial Summary Judgment.  On August 10, 2018, Appellant filed a Response in Opposition.   The court held a hearing on Appellee's Motion on September 4, 2018, and granted the Motion for Summary Judgment the following day.  In its September 5, 2018 Order, the trial court found Appellant liable to Appellee "for costs of this suit in the amount of $369.24 and penalty assessments in the amount of $2,300.00 for a total of $2,669.24." Order, 9/5/18, at ¶ 3.  The court also ordered that "[o]n or before October 4, 2018, [Appellee] shall provide documentation to support its claim

---

[1] Appellant purchased his condominium on March 23, 2016.  At the closing on the condominium purchase, Appellant acknowledged in writing receipt of and agreeing to bound by the "Montmarc Declaration, Code of Regulations, Declaration Plan, Community Rules of Montmarc Phase I, and Montmarc Recreation and Management Association, Inc. Bylaws" (the "Regulations").

[2] Appellee requested monetary damages in the amount of $10 for each day Appellant had been in violation of the Regulations, which, at that time totaled $1,950.  Appellee also requested $3,914 in legal fees and $237.84 in costs.

[3] The court granted Appellant's counsel leave to withdraw on January 29, 2018.  Appellant has proceeded *pro se* at all times since.

for legal fees to [] in this case. [Appellant] shall have until November 4, 2018 to file any objection to [Appellee's] claim of legal fees." *Id.* at ¶ 4.

On September 25, 2018, Appellant filed a Motion for Reconsideration and on October 4, 2018, he filed a Notice of Appeal to this Court from the trial court's September 5, 2018 Order.[4] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Before we reach the merits of Appellant's issues, we consider whether this appeal is properly before us. A final, appealable order is one that "disposes of all claims and of all parties." Pa.R.A.P. 341. It is axiomatic that an order that contemplates further proceedings does not resolve all claims. The Order from which Appellant has appealed clearly contemplates further proceedings to ascertain the amount of legal fees to which Appellee is entitled.[5] As such, it is not a final order.[6] Accordingly, we quash the appeal.

Appeal quashed.

---

[4] On October 4, the trial court denied Appellant's Motion for Reconsideration, noting that Appellant "has until November 4, 2018[,] to file any objection to the legal fees as filed on October 2, 2018 by [Appellee]." Order, 10/4/18.

[5] We acknowledge that on November 8, 2018, the trial court entered an Order awarding Appellee $5000 in attorney fees. However, Appellant's October 4, 2018 appeal divested the court of jurisdiction to enter this Order. **See** Pa.R.A.P. 1701(a).

[6] Moreover, it is not clear that the court's September 5, 2018 resolved Appellant's Counterclaim against Appellee.

- 3 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/9/2019